PER CURIAM.
The appellant, R.E.R., Jr., appeals the circuit court’s denial of his motion to seal, destroy, or expunge his juvenile records. Apparently, in 1981 R.E.R. was adjudicated delinquent on five different charges. More than 20 years later in May 2004, R.E.R. filed a motion in the circuit court entitled, “Motion for Sealing, Destruction, and/or Expungement.” R.E.R. sought to have his 1981 records sealed, destroyed, and/or expunged. The circuit court denied the motion; this appeal followed.
R.E.R. appeals the denial of his motion, which was filed pursuant to § 12-15-103, Ala.Code 1975.[1] That section provides, in part:
“(a) On motion [on] the part of a person who has been the subject of a delinquency petition or on the court’s own motion, the court shall vacate its order and findings and order the sealing of the legal and social files and records of the court, probation services and of any other agency in the case if it finds that:
“(1) Two years have elapsed since the final discharge of the person from legal custody or supervision or two years after the entry of any other court order not involving custody of supervision; and
“(2) He has not been convicted of a felony or misdemeanor involving moral turpitude or adjudicated delinquent prior to the filing of the motion and no *748 proceeding is pending seeking such conviction or adjudication.”
Rule 28(A)(2), Ala.R.Juv.P., addresses the appropriate appellate court to entertain an appeal from the juvenile court. That rule states:
“If the appeal provided in this section is taken from a final order, judgment, or decree in a case or proceeding arising out of the jurisdiction of the juvenile court over a child, as that term is defined in § 12-15-1(3), Ala.Code 1975, the appropriate appellate court for purposes of the appeal shall be (a) the Court of Criminal Appeals in proceedings in which a child is adjudicated delinquent and proceedings in which a motion seeking an order to transfer a child to the adult court for criminal prosecution is either granted or denied, and (b) the Court of Civil Appeals in any other case or proceeding.”
Rule 28(A)(2) specifically provides that the Court of Criminal Appeals has limited jurisdiction over juvenile matters and should consider appeals only from delinquency adjudications and motions seeking to transfer a child to “the adult court.”[2] All other types of judgments or orders entered by a juvenile court should be appealed to the Court of Civil Appeals.[3]
In accordance with Rule 28(A)(2), Ala. R.Juv.P., and Rule 28(D), Ala.R.Juv.P.,[4] this appeal is due to be, and is hereby, transferred to the Court of Civil Appeals.
CASE TRANSFERRED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Section 12-15-103, Ala.Code 1975, is entitled, “Proceedings for sealing and destruction of legal and social files and records of courts, probation services, etc., pertaining to certain persons and effect thereof.” This section clearly contemplates that actions filed pursuant to § 12-15-103 are separate proceedings that may be filed years after a juvenile adjudication.

.The Comment to Amendment Effective November 15, 1985, to Rule 28 states:
"The second paragraph of subsection (A) further defines the phrase 'appropriate appellate court' in regard to direct appeals taken from orders in cases arising out of the juvenile courts’ jurisdiction over children. Direct appeals from all but two types of proceedings within this category shall lie to the Court of Civil Appeals.”

. This Court likewise does not hear appeals from the denial of a petition in which an adult has sought to have his or her criminal record expunged. See Baker v. State, 877 So.2d 639 (Ala.Crim.App.2003).

. Rule 28(D), Ala.R.Juv.P., states: "An appellate court or circuit court may transfer an appeal that it determines should have been transferred to or brought in another court to that other court.”