Quang Ngoc Bui is charged with capital murder in the Montgomery Circuit Court. The State of Alabama petitions for a writ of mandamus directing Judge Charles Price to set aside his order authorizing the use of State funds for defense counsel to travel to Vietnam to conduct an investigation of possible mitigating evidence. For the reasons discussed below, we grant the petition.
 I. Facts and Procedural History
Quang Ngoc Bui was indicted in 1986 for capital murder; he was charged with killing his three minor children. The murders were made capital because "two or more persons [were] murdered by the defendant by one act or pursuant to one scheme or course of conduct." § 13A-5-40(a)(10), Ala. Code 1975. He was convicted and sentenced to death on July 11, 1986. Bui's conviction and death sentence were affirmed by the Alabama Court of Criminal Appeals and by this Court, Bui v. State, 551 So.2d 1094 (Ala.Crim.App. 1988), aff'd, 551 So.2d 1125 (Ala. 1989). The United States Supreme Court vacated this Court's judgment and remanded the case for a hearing on a Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), issue. Bui v. Alabama,499 U.S. 971, 111 S.Ct. 1613, 113 L.Ed.2d 712 (1991). On return to remand, the Court of Criminal Appeals reversed. Bui v. State,627 So.2d 849 (Ala.Crim.App. 1992). This Court reversed the judgment of the Court of Criminal Appeals. Bui v. State, 627 So.2d 855 (Ala. 1992). The United States Supreme Court denied certiorari review.Bui v. State, 508 U.S. 975, 113 S.Ct. 2970, 125 L.Ed.2d 669
(1993). However, on Bui's petition for a writ of habeas corpus, *Page 1229 
the United States Court of Appeals for the Eleventh Circuit reversed his conviction and sentence and remanded the cause to the trial court for a new trial. Bui v. Haley, 321 F.3d 1304
(11th Cir. 2003). New counsel for Bui were appointed on May 13, 2003, and a new trial was set for January 24, 2004.
New defense counsel filed a motion for permission to proceed ex parte on applications for funds. Before the trial court ruled on this motion, defense counsel filed an ex parte motion for extraordinary funds in order to travel to Vietnam to conduct an investigation of possible mitigating evidence.[1] Without giving the State notice and an opportunity to respond, the trial court granted this motion for extraordinary funds. Its order sets forth the grounds for its ruling. The order authorized the defendant's two attorneys and a cultural expert to travel to Vietnam at the State's expense. The State filed an objection to the motion, asking that the order be vacated and, alternatively, that the State be given an opportunity to be heard. The trial court denied the State's objection without a hearing and without an explanation for its denial. The State then filed a petition for a writ of mandamus with the Court of Criminal Appeals; that court denied the petition that same day, without an opinion. Exparte State (Bui) (No. CR-03-0447, Dec. 29, 2003), ___ So.2d ___ (Ala.Crim.App. 2003) (table). This petition followed.
 II. Standard of Review
Mandamus is an extraordinary writ and will be issued "`only when there is: (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court.'" Ex parte Land, 775 So.2d 847, 850 (Ala. 2000) (quoting Ex parte Horton, 711 So.2d 979, 983 (Ala. 1998)). When we consider a mandamus petition, the scope of our review is to determine whether the trial court clearly exceeded its discretion. Ex parte Tegner, 682 So.2d 396 (Ala. 1996).
 III. Analysis
The State argues that it should have been given the opportunity to respond to Bui's motion for extraordinary funds to conduct an investigation in Vietnam. The State points out in this mandamus proceeding, as it did in the trial court, that counsel who represented Bui in 1986 when he was previously tried for the same offense traveled to Vietnam at the time of the previous trial to investigate evidence that could be used in mitigation. The State contends that current defense counsel either possess or can obtain from Bui's former counsel the information former counsel gathered in Vietnam. The State further argues that given the fact that Bui left Vietnam 28 years ago and has been incarcerated in Alabama for over 17 years, any information defense counsel might now be able to obtain in Vietnam would be so remote, tangential, and removed from the date of the offense and the date of Bui's new trial that it would be irrelevant to this case. The State further contends before this Court, as it did in the trial court, that in all events, the request for $54,000, which will allow defense counsel to travel business class to Vietnam accompanied by a cultural expert at $250 per hour, is unreasonable. The State contends that the trial court acted arbitrarily and capriciously in granting Bui's motion for extraordinary *Page 1230 
funds without allowing the State to be heard and without articulating how such a trip by defense counsel would be helpful to Bui's defense.
Bui argues that the State has no clear legal right to challenge his motion for extraordinary funds because it did not object when he filed his motion for permission to proceed ex parte on applications for funds. Bui also argues that the investigation is paramount to his case because, he says, there is extensive social data to be collected about him in Vietnam; that his former attorney, who previously traveled to Vietnam at State expense, either did not obtain affidavits from his family members and his records from Vietnam or no longer had them in her possession when Bui requested the information for his retrial; and that it is vital for his expert witness to conduct research in Vietnam in order to be able to testify at trial.
The dispositive issue before this Court is whether the State has a right to have the trial court's order vacated. The State has no absolute right to a hearing on its objection. See Rule 34.2, Ala. R.Crim. P. ("Upon request of any party, or on its own initiative, the court may set any motion for hearing. The court may limit or deny oral argument on any motion, unless otherwise provided by these rules."). Moreover, under Ake v. Oklahoma,470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), and its progeny, an indigent defendant's showing of the need for funds must be made ex parte. Furthermore, in Ex parte Moody,684 So.2d 114, 121 (Ala. 1996), we recognized that "the trial court, in an ex parte hearing, can adequately protect taxpayers from unwise expenditures of money while at the same time protecting the constitutional rights of indigent defendants." Nevertheless, under the circumstances here presented, we conclude that the trial court exceeded its discretion in not conducting a hearing at which the State could assert its objections, without compromising Bui's right to prevent the State from gaining access to his trial strategy.
While we recognize defense counsel's obligation to conduct a thorough investigation of a defendant's background, the trial court must consider the reasonableness of the investigation. InWiggins v. Smith, 539 U.S. 510, 527, 123 S.Ct. 2527, 2538,156 L.Ed.2d 471 (2003), the United States Supreme Court stated:
 "In assessing the reasonableness of an attorney's investigation, . . . a court must consider not only the quantum of the evidence already known to counsel, but whether the known evidence would lead a reasonable attorney to investigate further."
Based upon Bui's ex parte motion for extraordinary funds, the trial court's order granting the motion, and the State's objection to the ex parte motion, this Court is not convinced that a sufficient showing[2] has been made as to the necessity for defense counsel to undertake a second trip to Vietnam for another investigation as approved by the trial court.
Bui acknowledged in his ex parte motion for extraordinary funds that his former counsel had traveled to Vietnam to conduct an investigation for mitigation purposes during Bui's first trial. However, Bui did not reveal in that motion the quantum of the evidence gathered by his former counsel during that trip. Nevertheless, for all that appears, the trial court based its ruling upon Bui's undeveloped assertion that his former counsel had advised his current appointed counsel "to return to Vietnam in order to contact family and further obtain *Page 1231 
medical, military, and school records."[3] Without evidence from the former attorney concerning the quantum of the evidence previously obtained and her explanation as to the alleged loss of files, the trial court lacked critical information essential to determining the necessity of the requested expense. Perhaps facing a hearing at which she would be required to testify as to her activities, Bui's former counsel might either redouble her earlier efforts to locate apparently misplaced files or furnish an adequate explanation of their present whereabouts.
Given the State's argument that further investigation in Vietnam is unnecessary and its challenge to the reasonableness of items of cost referred to in the trial court's order but not previously itemized in Bui's motion for extraordinary funds, including business-class airfare for three and other expenses totaling at least $54,000,[4] we conclude that the trial court exceeded its discretion in failing to afford the State an opportunity to participate in a proceeding in which the State may (a) interrogate former counsel only as to her efforts to locate her records from her trip to Vietnam in preparation for Bui's first trial and the present location of such records and (b) challenge the reasonableness, without otherwise challenging the necessity, of the amount of costs. Under such limitations, Bui's right to shield his trial strategy from the State will be protected and, at the same time, the State's interest in avoiding unwise expenditure of public funds will also be honored.
 IV. Conclusion
For the reasons stated above, we grant the petition.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] The following statement appears in bold print below the certificate of service on defense counsel's motion for extraordinary funds: "This Ex parte Motion has NOT been Served on the District Attorney."
[2] No transcript has been made available to this Court of any ex parte proceedings.
[3] Bui contends for the first time in this mandamus proceeding that his former attorney either did not obtain affidavits from his family members and his records from Vietnam or that she did not have them in her possession when Bui requested the information for his retrial. The defendant asserts that his former counsel "does not know the whereabouts of that information today."
[4] We note that Bui states for the first time in this mandamus proceeding that "[he] expects that actual costs involved [in the investigation] will be significantly less and probably half the amount requested and authorized." Bui's brief at p. 25.