The petitioner, Clinton Samuel Teasley, filed this petition for a writ of mandamus directing Judge John Rochester to correct his institutional records to reflect that a rape charge against Teasley had been dismissed. Teasley's action in circuit court appears to be an action pursuant to § 41-9-645, Ala. Code 1975. That Code section establishes a procedure by which a convicted defendant may challenge inaccurate information contained in his institutional records. However, this Court does not have jurisdiction to consider an appeal from a § 41-9-645 proceeding; therefore, we cannot consider a mandamus petition that relates to the same subject. SeeState v. Isbell, 955 So.2d 476 (Ala.Crim.App. 2006). "`[J]urisdictional matters are of such magnitude that [appellate courts] take notice of them at any time and do so even ex mero motu.'" Ex parte Hargett, 772 So.2d 481,482 (Ala.Crim.App. 1999), quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987).
Section 41-9-645, Ala. Code 1975, states:
 "If an individual believes such information to be inaccurate or incomplete, he may request the original agency having custody or control of the detail records to purge, modify or supplement them and to so notify the ACJIC [Alabama Criminal Justice Information Center] of such changes.
 "Should the agency decline to so act or should the individual believe the agency's decision to be otherwise unsatisfactory, the individual or his attorney may within 30 days of such decision enter an appeal to the circuit court of the county of his residence or to the circuit court in the county where such agency exists, with notice to the agency, pursuant to acquiring an order by such court that the subject information be expunged, modified or supplemented by the agency of record. The court in each such case shall conduct a de novo hearing and may order such relief as it finds to be required by law. Such appeals shall be entered in the same manner as appeals are entered from the court of probate; except, that the appellant shall not be required to post bond nor pay the costs in advance. If the aggrieved person desires, the appeal may be heard by the judge at the first term or in chambers. A notice sent by registered or certified mail shall be sufficient service on the agency of disputed record that such appeal has been entered."
(Emphasis added.)
In Baker v. State, 877 So.2d 639 (Ala.Crim.App. 2003), we addressed the appropriate appellate court to consider appeals from § 41-9-645, Ala. Code 1975, actions.[1] We held that if such actions were appealable, then jurisdiction was proper in the Alabama Supreme Court. After reevaluating our decision in Baker; we believe that the view expressed in the special writing in Baker is correct. Judge Shaw wrote:
 "The Alabama Criminal Justice Information Center (ACJIC) is an administrative *Page 734 
agency subject to the provisions of the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala. Code 1975. See Jefferson County v. Alabama Criminal Justice Information Ctr. Comm'n, 620 So.2d 651 (Ala. 1993). It appears to me that the expungement proceeding here, although tangentially touching on criminal matters, is in the nature of a civil proceeding authorized by § 41-9-590 et seq., Ala. Code 1975. Pursuant to § 41-9-594, the ACJIC Commission has established an internal administrative appeal procedure as a prerequisite for seeking appellate review in the circuit court. See Ala. Admin. Code (Ala. Criminal Justice Info. Ctr. Comm'n), Reg. 265-x-2-.03.
 "Section 41-9-645, which, I note, was enacted before the Commission's creation of the internal administrative appeal procedure, states that an appeal from an agency's adverse ruling on a petition for expungement can be taken to the circuit court and that `such appeals shall be entered in the same manner as appeals are entered from the court of probate.' Although it is not entirely clear to me what the Legislature meant by the above-quoted language, I can find no provision in § 41-9-645, or in any other related section, that provides for an appeal of the circuit court's judgment. Therefore, based on the plain language of § 41-9-645, I respectfully disagree with the majority's conclusion that § 41-9-645 incorporates the provision in § 12-22-22, Ala. Code 1975, dealing with the appeal of probate rulings to the Supreme Court. Nonetheless, I believe that authorization for appeal can be found in § 41-22-21, Ala. Code 1975. Section 41-22-21 provides for an appeal to the appropriate appellate court of a decision of the circuit court concerning the propriety of an administrative agency's ruling. Section 12-3-10, Ala. Code 1975, generally vests exclusive jurisdiction in the Court of Civil Appeals of all appeals challenging the decisions of administrative agencies. Furthermore, it is generally understood that the exclusive jurisdiction of the Court of Civil Appeals has not been limited to a direct appeal from a ruling of an administrative agency, but also encompasses appeals from the judgments of lower courts that have reviewed the action of the administrative agency. See Kimberly-Clark Corp. v. Eagerton, 433 So.2d 452 (Ala. 1983); SC Realty, Inc. v. Jefferson County, Alabama, Tax Assessor, 638 So.2d 1343
(Ala.Civ.App. 1993)."
877 So.2d at 641-42. Presiding Judge Baschab joined Judge Shaw's special concurrence.
Based on the reasons stated above, we now hold that jurisdiction of an appeal from a § 41-9-645, Ala. Code 1975, action is proper in the Alabama Court of Civil Appeals.
Accordingly, this petition is transferred to the Alabama Court of Civil Appeals.
PETITION TRANSFERRED.
BASCHAB, P.J., and McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
[1] The Alabama Supreme Court has not had occasion to review our decision in Baker v. State.
 *Page 232