The State of Alabama petitions for a writ of mandamus directing the Montgomery Circuit Court to vacate its order expunging the criminal record of Milton Blane. Because the State has demonstrated a clear legal right to the relief it seeks, we grant the petition and issue the writ.
 Facts and Procedural History
Milton Blane pleaded guilty to third-degree theft of property. He received a suspended sentence of one year's confinement and was ordered to pay court costs, fees, and restitution in the amount of $12,233.30. It is undisputed that Blane has fulfilled the terms of his sentence.
On September 1, 2006, Blane moved to have his criminal record expunged, arguing that the record is "misleading" and that it has had a detrimental effect on his ability to run his business.[1] In his motion, Blane summarizes the facts surrounding his conviction as follows: He had purchased some jewelry from a pawnshop, but he was unable to pay for the jewelry at the time of purchase because he was "all out of checks." Blane promised to send a check by mail, but he "forgot to pay for the jewelry." He argued in his motion to the circuit court that his actions did not constitute theft of property because, he argued, he lacked the requisite mental state necessary to commit the crime. Instead, he argued, his actions constituted civil fraud. Therefore, he argued in his motion to expunge, "the charge of theft of property is misleading in that it is more accurately characterized as fraud, and should be purged from Mr. Blane's record."
The circuit court held a hearing on Blane's motion to expunge, at which ore tenus evidence was presented. Blane testified, explaining that when he pleaded guilty to the charge of third-degree theft of property, he thought he was pleading guilty to a minor crime that was the equivalent of a speeding ticket. In the past, he says, he had passed polygraph tests in which he had been asked whether he had previously been arrested. However, the United States Department of Homeland Security discovered his conviction, and Blane is now being excluded from certain classified discussions that he says are important to his business. Blane argues that *Page 386 
the record is misleading because, he says, he committed a civil offense, and the pawnshop owners "used the criminal courts to collect civil monies." Stating that the record "is sort of misleading," the court adjourned the hearing. The trial court then issued an order expunging Blane's record. The State filed a petition for the writ of mandamus with the Court of Criminal Appeals, and that court transferred the petition to this Court. State v. Blane (No. CR-06-0395, January 4, 2007), ___ So.2d ___ (Ala.Crim.App. 2007) (table). We then ordered answer and briefs to determine whether the trial court exceeded its discretion in ordering Blane's record to be expunged.
 Standard of Review "Mandamus is an extraordinary writ and will be issued `"only when there is: (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court."' Ex parte Land, 775 So.2d 847, 850
(Ala. 2000) (quoting Ex parte Horton, 711 So.2d 979, 983 (Ala. 1998)). When we consider a mandamus petition, the scope of our review is to determine whether the trial court clearly exceeded its discretion. Ex parte Tegner, 682 So.2d 396
(Ala. 1996)."
State v. Bui 888 So.2d 1227, 1229 (Ala. 2004). "Mandamus is an extraordinary remedy, but is appropriate in exceptional circumstances which amount to judicial usurpation of power." Ex parte Nice, 407 So.2d 874, 878
(Ala. 1981) (emphasis omitted). Moreover, we have recognized that "mandamus can be used to prevent a gross disruption in the administration of criminal justice." Nice,407 So.2d at 879 (emphasis omitted). In Ex parte Burns,261 Ala. 217, 222, 73 So.2d 912, 916 (1954), this Court held that the remedy of the writ of mandamus was available where a prosecutor sought an order directing the trial court to expunge from its records a report of a grand jury criticizing the prosecutor and his official acts.
 Analysis
Blane cites § 41-9-646, Ala. Code 1975, in support of his argument that his record should be expunged. That section provides, in pertinent part: "Should the record in question be found to be inaccurate, incomplete or misleading, the court shall order it to be appropriately purged, modified or supplemented. . . ." The State argues that § 41-9-646 does not authorize the circuit court to expunge the record of Blane's conviction. We agree.
By statute, the State of Alabama "make[s] a person's criminal records available for inspection to him or his attorney." § 41-9-643, Ala. Code 1975. If a person believes that the information contained in his or her criminal record is "inaccurate or incomplete," that person has the right to request that the agency having custody or control of the record "purge, modify or supplement" the record to make it accurate or complete. § 41-9-645, Ala. Code 1975. If the person is not satisfied with the agency's decision on the request, he or she may appeal that decision to the circuit court "in the same manner as appeals are entered from the court of probate," with exceptions not relevant here. § 41-9-645, Ala. Code 1975. The circuit court is then to "conduct a de novo hearing and may order such relief as it finds to be required by law." § 41-9-645, Ala. Code 1975. If the circuit court finds the criminal record to be "inaccurate, incomplete or misleading, the court shall order it to be appropriately purged, modified or supplemented by an explanatory notation." § 41-9-646, Ala. Code 1975. *Page 387 
The State argues that the circuit court here exceeded its discretion in ordering the record of Blane's conviction expunged because, it argues, the record itself was not inaccurate, incomplete, or misleading. At the hearing, the circuit court suggested that the record of conviction appeared misleading because it suggested that Blane had been involved in criminal conduct. However, it appears undisputed that the records at issue accurately reflect that Blane pleaded guilty to the offense of third-degree theft of property, that he was convicted of that offense, and that he received a suspended sentence and was ordered to pay costs, fees, and restitution. Although he now argues that he was not guilty of that crime, Blane does not argue that his conviction violated any of the constitutional protections afforded an accused. Instead, he contends that he followed what may have been unwise legal advice and that he did not understand the full ramifications of pleading guilty to a misdemeanor offense. These facts do not render the record of conviction inaccurate, incomplete, or misleading. Therefore, § 41-9-646, Ala. Code 1975, provides no authority to "purge, modify or supplement" Blane's conviction, let alone to expunge it.[2]
Moreover, § 41-9-646, Ala. Code 1975, does not provide the circuit court with authority to expunge a criminal record. The circuit court ordered the City of Montgomery Police Department and the Alabama Bureau of Investigation to "expunge" all records of Blane's arrest, the charge against him, and his conviction and further ordered that "such records shall be sealed and treated as if they never existed or occurred." However, the word "expunge" does not appear in § 41-9-646, Ala. Code 1975, nor is there a provision in that section for treating criminal records as if they had never existed.
This Court has construed the word "purge," which appears in § 41-9-646, "to mean something less than complete expungement." Mobile Press Register, Inc. v. Lackey,938 So.2d 398, 403 (Ala. 2006). Thus, if there is erroneous information in the record, the record may be purged of that information; if the record misstates the offense, it may be modified; or, if the record is incomplete, it may be supplemented. However, all of this is directed at making the record accurate, not making it disappear. The legislature knows how to draft a statute providing for the expungement of a criminal record. In § 12-15-103(g), Ala. Code 1975, a part of the Alabama Juvenile Justice Act, the legislature provided, in pertinent part: "Upon the entry of a sealing order or a destruction order, all references including arrest, complaint, referrals, petitions, reports and orders shall be removed from all agency . . . files and sealed or destroyed . . . and a finding of delinquency shall be deemed never to have occurred." As we have previously noted, "`[i]t is not proper for a court to read into the statute something which the legislature did not include although it could have easily done so.'" Cityof Pinson v. Utilities Bd. of Oneonta, 986 So.2d 367
(Ala. 2007) (quoting Noonan v. East-West Beltline,Inc., 487 So.2d 237, 239 (Ala. 1986)). We will not read the word "expunge" into the statute now before us.
Blane has been convicted of a crime, and his record of conviction is not inaccurate, incomplete, or misleading; therefore, *Page 388 
§ 41-9-646, Ala. Code 1975, does not authorize the circuit court to purge, modify, supplement, or expunge that record. For this reason, we reject Blane's arguments that the State failed to overcome the presumption of correctness attending an ore tenus hearing and that the State failed to prove that the circuit court exceeded its discretion in expunging his record.
 Conclusion
Because the State has a clear legal right to the remedy it seeks, we issue the writ of mandamus and direct the circuit court to vacate its order expunging Blane's criminal record.
PETITION GRANTED; WRIT ISSUED.
WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., recuses herself.
[1] According to the motion, Blane's company is in "the business of supplying equipment such as missiles, aircraft, and small arms to the United States government." Blane contends that because of the nature of his business he is required to maintain a security clearance.
[2] We note that the materials before this Court do not indicate that Blane originally requested of the agency that maintains the record of his conviction that it correct or expunge the misleading information in his criminal record. However, it is the State's burden to put all materials necessary for an understanding of the issues before the Court. Rule 21(a)(1)(E), Ala. R.App. P. We therefore carry that inquiry no further.