In 1995, Terry Antonio Jackson was arrested and charged by the State of Alabama on one count of capital murder, one count of discharging a firearm into an unoccupied building, and two counts of discharging a firearm into an occupied building. Those four counts were dismissed after the State entered a nolle prosequi in each of the four separate criminal cases pending in the Mobile Circuit Court against Jackson. In May 2007, Jackson, now a federal inmate in Mississippi, filed a petition in the circuit court seeking to "expunge and seal" his criminal records, alleging that the existence of those records had prevented him from being eligible for certain federal rehabilitation programs. The circuit court entered a judgment denying Jackson's petition without specifying facts or reasons. Jackson appealed from that judgment, and the Court of Criminal Appeals transferred that appeal to this court pursuant to its decision in Ex parte Teasley, 967 So.2d 732
(Ala.Crim.App. 2007), in which that court concluded that this court has jurisdiction of an appeal from an action in which a defendant seeks to purge criminal records.
In his principal brief on appeal, Jackson complained that the circuit court did not explain its reasoning, and he asserted that "due process" required some statement of reasons why his petition was denied. After the State had filed a brief in which it alleged that Jackson's appeal was due to be dismissed because he had not cited authority for his argument, Jackson filed what he called a "traverse" of the State's brief in which he relied upon "Rule 52(a)" (which we interpret to mean Rule52(a), Fed.R.Civ.P., based upon his citation of federal cases interpreting that rule).
However, it is well settled that an appellate court will not "reverse[] or set aside" a judgment "for error as to any matter of pleading or procedure" unless "the error complained of has probably injuriously affected substantial rights of the parties." Rule 45, Ala. R.App. P. Assuming, without deciding, that "Rule 52(a)" or some Alabama *Page 492 
criminal-law or civil-law analogue[1] required a statement of reasons for the denial of Jackson's petition to "expunge and seal" the records of four criminal cases, he was not entitled to the relief he requested.
In State v. Blane, 985 So.2d 384 (Ala. 2007), the Alabama Supreme Court issued a writ of mandamus directing a circuit court to vacate an order expunging that court's record of a petitioner's criminal proceedings leading to his conviction for third-degree theft. The Supreme Court's reasoning is applicable here:
 "By statute, the State of Alabama `make[s] a person's criminal records available for inspection to him or his attorney.' § 41-9-643, Ala. Code 1975. If a person believes that the information contained in his or her criminal record is `inaccurate or incomplete,' that person has the right to request that the agency having custody or control of the record `purge, modify or supplement' the record to make it accurate or complete. § 41-9-645, Ala. Code 1975. If the person is not satisfied with the agency's decision on the request, he or she may appeal that decision to the circuit court `in the same manner as appeals are entered from the court of probate,' with exceptions not relevant here. § 41-9-645, Ala. Code 1975. The circuit court is then to `conduct a de novo hearing and may order such relief as it finds to be required by law.' § 41-9-645, Ala. Code 1975. If the circuit court finds the criminal record to be `inaccurate, incomplete or misleading, the court shall order it to be appropriately purged, modified or supplemented by an explanatory notation.' § 41-9-646, Ala. Code 1975.
 "The State argues that the circuit court here exceeded its discretion in ordering the record of [the petitioner's] conviction expunged because, it argues, the record itself was not inaccurate, incomplete, or misleading. At the hearing, the circuit court suggested that the record of conviction appeared misleading because it suggested that [the petitioner] had been involved in criminal conduct. However, it appears undisputed that the records at issue accurately reflect that [the petitioner] pleaded guilty to the offense of third-degree theft of property, that he was convicted of that offense, and that he received a suspended sentence and was ordered to pay costs, fees, and restitution. Although he now argues that he was not guilty of that crime, [the petitioner] does not argue that his conviction violated any of the constitutional protections afforded an accused. Instead, he contends that he followed what may have been unwise legal advice and that he did not understand the full ramifications of pleading guilty to a misdemeanor offense. These facts do not render the record of conviction inaccurate, incomplete, or misleading. Therefore, § 41-9-646, Ala. Code 1975, provides no authority to `purge, modify or supplement' [the petitioner's] conviction, let alone to expunge it.
 "Moreover, § 41-9-646, Ala. Code 1975, does not provide the circuit court with authority to expunge a criminal record. The circuit court ordered the City of Montgomery Police Department *Page 493 
and the Alabama Bureau of Investigation to `expunge' all records of [the petitioner's] arrest, the charge against him, and his conviction and further ordered that `such records shall be sealed and treated as if they never existed or occurred.' However, the word `expunge' does not appear in § 41-9-646, Ala. Code 1975, nor is there a provision in that section for treating criminal records as if they had never existed
 "This Court has construed the word `purge,' which appears in § 41-9-646, `to mean something less than complete expungement.' Mobile Press Register, Inc. v. Lackey, 938 So.2d 398, 403 (Ala. 2006). Thus, if there is erroneous information in the record, the record, may be purged of that information; if the record misstates the offense, it may be modified; or, if the record is incomplete, it may be supplemented. However, all of this is directed at making the record accurate, not making it disappear. The legislature knows how to draft a statute providing for the expungement of a criminal record. . . . We will not read the word `expunge' into the statute now before us.
 "[The petitioner] has been convicted of a crime, and his record of conviction is not inaccurate, incomplete, or misleading; therefore, § 41-9-646, Ala. Code 1975, does not authorize the circuit court to purge, modify, supplement, or expunge that record."
985 So.2d at 386-387 (emphasis added; footnote omitted). Like the petitioner in Blane, Jackson has failed to demonstrate that the records of the pertinent criminal cases are "inaccurate, incomplete, or misleading" so as to potentially warrant relief. Thus, based on Blane, we conclude that any potential error in the circuit court's failure to state reasons for denying Jackson's petition is necessarily harmless.
AFFIRMED.
All the judges concur.
[1] But see Rule 52(a), Ala. R. Civ. P. (which differs from the federal rule in that, in nonjury actions, "the court may upon written request and shall whenrequired by statute [] find the facts specially and state separately its conclusions of law thereon" (emphasis added)).