LYONS, Justice.
 

 The City of Dothan (“the City”) has filed a petition for a writ of mandamus requesting that this Court direct the Houston Circuit Court to vacate its order directing that the criminal record of Rustin McCar-dle be purged. We grant the petition and issue the writ.
 

 I.
 
 Factual Background and Procedural History
 

 In December 2002, McCardle was charged with carrying a pistol without a license, in violation of § 13A-11-73, Ala. Code 1975. That section provides: “No person shall carry a pistol in any vehicle or concealed on or about his person, except on his land, in his own abode or fixed place of business, without a license therefor as hereinafter provided.” Violation of § 13A-11-73 is “punishable by imprisonment for any term less than one year or by a fine of not more than $500.00, or both.” § 13A-11-84, Ala.Code 1975.
 

 The arresting officer described the events underlying the charge against McCardle in an offense report prepared for the Dothan Police Department. The officer stated that, during a traffic stop of a vehicle McCardle was driving on December 29, 2002, he noticed a gun case partially under the front passenger seat of McCardle’s vehicle. McCardle got out of the vehicle, and the officer confirmed that the case contained a pistol. McCardle told the officer that the pistol belonged to his brother and that he had used it at a shooting range a few days before. It is undisputed that McCardle did not have a license to carry the pistol in his vehicle as required by § 13A-11-73. Accordingly, the officer arrested McCardle, and McCardle was charged with “carrying a pistol without a permit,” in violation of § 13A-11-73.
 

 McCardle pleaded guilty to the charge in the Dothan Municipal Court. The municipal court sentenced McCardle to 30 days in jail, imposed a $100 fine, and assessed court costs of $146. The municipal court then suspended the jail sentence and placed McCardle on probation for two years. It is undisputed that McCardle has fulfilled the terms of his sentence. The record of McCardle’s conviction shows that he was represented by counsel when he entered the guilty plea.
 

 On March 26, 2008, McCardle petitioned the Houston Circuit Court to “expunge the record of his conviction,” purportedly pursuant to § 41-9-646, Ala.Code 1975.
 
 [1]
 
 McCardle contended that the charge “carrying a pistol without a permit” was inaccurate because, McCardle argued, a “clear understanding of such language is that [he] had a pistol on his person when in fact
 
 *932
 
 the pistol was in a case under the passenger side of a vehicle which [he] was driving.” McCardle argued that the language of the charge was so prejudicial that it could not be corrected. He also argued that his plea was entered without counsel and without full knowledge of the “civil consequences due to the wording of the charge.” According to McCardle, the conviction, as reported, has jeopardized his employment as a driver of a hazardous-materials tanker.
 

 On March 28, 2008, the circuit court entered an order granting McCardle’s petition. The circuit court found that McCardle’s conviction was “inaccurate, incomplete, or misleading [and that modification of the order of conviction] would be a waste of judicial economy and be further misleading.” The circuit court ordered that McCardle’s record “be purged, deleted and dissolved from the records of the municipal court records to include any electronic and computer generated records of said charge.” On April 15, 2008, the City filed a motion to reconsider; the City contends that it did not know McCardle had filed a petition to expunge his record until that date. The circuit court denied the City’s motion on April 17, 2008, but on April 30, 2008, it set aside its order denying the motion and scheduled a hearing on the motion. On July 30, 2008, the circuit court purported to again deny the City’s motion and confirmed its original ruling on McCardle’s petition. On September 4, 2008, the City filed a petition for a writ of mandamus with the Court of Civil Appeals. The Court of Civil Appeals, without an opinion, denied the petition as untimely filed,
 
 Ex parte City of Dothan
 
 (No. 2071131, Oct. 29, 2008), - So.3d - (Ala.Civ.App.2008)(table), and, pursuant to Rule 21(e), Ala. R.App. P., the City filed a petition for a writ of mandamus with this Court on November 12, 2008.
 

 II.
 
 Standard of Review
 

 “ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
 

 Ex parte Perfection Siding, Inc.,
 
 882 So.2d 307, 309-10 (Ala.2003) (quoting
 
 Ex parte Integon Corp.,
 
 672 So.2d 497, 499 (Ala.1995)). “When we consider a mandamus petition, the scope of our review is to determine whether the trial court clearly exceeded its discretion.”
 
 State v. Bui,
 
 888 So.2d 1227, 1229 (Ala.2004). In
 
 State v. Blane,
 
 985 So.2d 384, 386 (Ala.2007), this Court determined that a writ of mandamus was an appropriate remedy for relief from a trial court’s order regarding the expunging of criminal records (citing
 
 Ex parte Burns,
 
 261 Ala. 217, 222, 73 So.2d 912, 916 (1954)).
 

 III.
 
 Analysis
 

 A.
 
 The Timeliness of the Petition
 

 Rule 21(a)(3), Ala. R.App. P., provides that a petition for a writ of mandamus “shall be filed within a reasonable time.” Rule 21(a)(3) further provides:
 

 “The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
 

 Rule 4(a)(1), Ala. R.App. P., provides that appeals permitted by law as of right must
 
 *933
 
 be taken within 42 days from “the date of the entry of the judgment or order appealed from.” The City contends that its petition to the Court of Civil Appeals was timely because the circuit court entered the order denying its motion to reconsider and confirming the ruling on McCardle’s petition on July 30, 2008. The City filed its petition for a writ of mandamus with the Court of Civil Appeals 36 days later, on September 4, 2008.
 

 McCardle contends that the City’s petition is untimely because, he says, the City’s motion to reconsider was denied not by order of the court, but by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. That rule provides:
 

 “No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days .... A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
 

 McCardle argues first that the City’s motion to reconsider is, in fact, a motion to alter, amend, or vacate the judgment under Rule 59, Ala. R. Civ. P., and, second, that the 90-day period of Rule 59.1 began to run on April 15, 2008, the date the City filed its motion to reconsider.
 

 Assuming, without deciding, that Rule 59.1 applied to the City’s motion to reconsider,
 
 [2]
 
 that motion was not “pending” within the meaning of Rule 59.1 for the entire 106-day period from the April 15, 2008, filing of the motion to the circuit court’s July 30, 2008, ruling on the motion. The motion was pending for two days before the circuit court denied it on April 17, 2008. The circuit court then set aside that ruling and reinstated the motion on April 30, 2008. During the intervening 13 days between the denial and the order setting aside the denial, the motion to reconsider did not “remain pending.” However, the circuit court’s April 30, 2008, order setting aside its denial of the motion and scheduling a hearing on it revived the motion, and it was again “pending” on that date. The motion to reconsider was denied by operation of law on July 29, 2008, 90 days from April 30, 2008, and before the circuit court purported to rule on it on July 30, 2008. The City filed its petition for a writ of mandamus 37 days later, on September 4, 2008, within the presumptively reasonable period established by Rules 4(a)(1) and 21(a)(3), Ala. RApp. P. Accordingly, even if Rule 59.1 applied to the City’s motion to reconsider, the City’s petition for a writ of mandamus was timely filed.
 

 B.
 
 The Merits of the Petition
 

 In his petition to the circuit court seeking to have his record expunged, McCardle sought relief under § 41-9-646, Ala.Code 1975. Together, §§ 41-9-645 and -646 establish specific circumstances in which a circuit court may order that “inaccurate, incomplete or misleading” information be purged from a criminal record. Section 41-9-645 provides, in relevant part: “If an individual believes ... information [in his criminal record
 
 [3]
 
 ] to be inaccurate or in
 
 *934
 
 complete, he may request the original agency having custody or control of the detail records to purge, modify or supplement them and to so notify the [Alabama Criminal Justice Information Centex*] of such changes.” Section 41-9-645 then provides for an appeal to the circuit court for a de novo hearing if the individual is unsatisfied with the agency’s response to the request. Section 41-9-646 provides: “Should the record in question be found to be inaccurate, incomplete or misleading, the court shall order it to be appropriately purged, modified or supplemented by an explanatory notation.”
 

 This Court has construed the term “purge” as used in § 41-9-645 “to mean something less than complete expungement. ... The term ‘purge’ means: ‘to make free of something unwanted.’
 
 Merriam-Webster’s Collegiate Dictionary
 
 1010 (11th ed.2003).”
 
 Mobile Press Register, Inc. v. Lackey,
 
 938 So.2d 398, 403 (Ala.2006). This Court has explained:
 

 “Thus, if there is erroneous information in the record, the record may be purged of that information; if the record misstates the offense, it may be modified; or, if the record is incomplete, it may be supplemented. However, all of this is directed at making the record accurate, not making it disappear.”
 

 State v. Blane,
 
 985 So.2d at 387.
 

 In
 
 Blane,
 
 Milton Blane “pleaded guilty to third-degree theft of property” and “fulfilled the terms of his sentence.” 985 So.2d at 385. He later moved “to have his criminal record expunged, arguing that the record [was] ‘misleading’ and that it [had] had a detrimental effect on his ability to run his business.” 985 So.2d at 385. Blane based his argument on the premise that his actions did not constitute theft of property; they were, he argued, more properly characterized as fraud. Blane contended that at the time he entered his guilty plea, he did not understand the full import of the plea. The trial court entered an order expunging Blane’s record, and the State filed a petition for a writ of mandamus. 985 So.2d at 386.
 

 This Court examined §§ 41-9-645 and - 646 and determined that the trial court in
 
 Blane
 
 had exceeded its discretion, stating: “[I]t appears undisputed that the records at issue accurately reflect that Blane pleaded guilty to the offense of third-degree theft of property, that he was convicted of that offense, and that he received a suspended sentence and was ordered to pay costs, fees, and restitution.” 985 So.2d at 387. This Court reasoned:
 

 “Although he now argues that he was not guilty of that crime, Blane does not argue that his conviction violated any of the constitutional protections afforded an accused. Instead, he contends that he followed what may have been unwise legal advice and that he did not understand the full ramifications of pleading guilty to a misdemeanor offense. These facts do not render the record of conviction inaccurate, incomplete, or misleading.”
 

 985 So.2d at 387. This Court concluded: “Blane has been convicted of a crime, and his record of conviction is not inaccurate, incomplete, or misleading; therefore, § 41-9-646, Ala.Code 1975, does not authorize the circuit court to purge, modify, supplement, or expunge that record.” 985 So.2d at 387-88.
 

 Based on
 
 Blane
 
 and on §§ 41-9-645 and -646, Ala.Code 1975, the City contends that the circuit court exceeded its
 
 *935
 
 discretion in ordering that McCardle’s criminal record be “purged, deleted and dissolved from the records of the municipal court records to include any electronic and computer generated records of said charge.” We agree. As was the case with Blane, McCardle “has been convicted of a crime, and his record of conviction is not inaccurate, incomplete, or misleading.”
 
 Blane,
 
 985 So.2d at 387. The criminal record at issue accurately reflects that McCardle pleaded guilty to the offense of carrying a pistol without a permit. That offense denotes a violation of § 13A-11-73, and the written charge against McCardle accurately states the charged violation of § 13A-11-73. Section 13A-11-73 provides that “[n]o person
 
 shall carry
 
 a pistol
 
 in any vehicle
 
 ... without a license therefor.... ” (Emphasis added.) McCardle admitted to carrying a pistol in his vehicle without a license to do so. Accordingly, McCardle’s criminal record accurately reflects the circumstances of his conviction; it is not inaccurate, incomplete, or misleading within the meaning of §§ 41-9-645 and -646.
 

 McCardle argued to the circuit court that the charge is misleading in that it communicates that he was carrying the pistol on his person. He has abandoned this argument in his answer to the City’s petition.
 
 [4]
 
 We note, however, that McCar-dle was charged with “carrying a pistol without a permit.” That phrase, and thus the charge, is consistent with § 13A-11-73, which embraces carrying a pistol in a vehicle, and is not misleading.
 

 Any concerns that in common parlance the word “carrying” connotes possessing on the person rather than transporting in a vehicle should be addressed to the legislature. Furthermore, even if the circuit court was satisfied that, under the facts of this case, the terminology used by the legislature in defining the offense was misleading in that it suggested that McCardle carried the weapon on his person and not merely in a vehicle, as McCar-dle contended in the circuit court, the circuit court did not have authority to order the complete removal and deletion of the record of McCardle’s conviction. In
 
 Blane,
 
 this Court declined to “read the word ‘expunge’ [meaning to treat the record as if it had never existed] into” § 41-9-646. 985 So.2d at 387. As this Court explained, the efforts authorized by the statute are “directed at making the record accurate, not making it disappear.”
 
 Id.
 
 Accordingly, the circuit court had no authority to order the complete purge, dissolution, and deletion of McCardle’s criminal record.
 

 IV.
 
 Conclusion
 

 For the reasons previously stated, we conclude that the circuit court exceeded its discretion in granting McCardle’s petition to expunge his criminal record and ordering that the record be “purged, deleted and dissolved.” We therefore grant the City’s petition and issue a writ of mandamus directing the circuit court to vacate its order granting McCardle’s petition.
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.
 

 [1]
 

 . In his answer to the City’s petition for a writ of mandamus, McCardle states that he originally requested the City to purge its records relating to his conviction on March 26, 2008, and that, when the City denied his request, he then appealed to the circuit court. However, McCardle does not cite any document to support this statement, and the documents McCardle does refer to in his recitation of the facts are not attached to his brief.
 

 [2]
 

 . See
 
 Wessex House of Jacksonville, Inc. v. Kelley,
 
 908 So.2d 226, 228-29 (Ala.2005), in which this Court determined that a party's motion to alter, amend, or vacate was not a Rule 59 motion because the order to which it related was not an appealable order and therefore Rule 59.1 did not apply.
 

 [3]
 

 . “Section 41-9-645 does not expressly refer to 'criminal records’; rather, the first paragraph of § 41-9-645 refers to ‘such information.’ We assume that 'such information’ means criminal records, which are dealt with in § 41-9-643, Ala.Code 1975, the section that immediately preceded § 41-9-645 when
 
 *934
 
 those sections were originally adopted."
 
 Mobile Press Register, Inc. v. Lackey,
 
 938 So.2d 398, 403 n. 3 (Ala.2006).
 

 [4]
 

 . Before this Court, as to the merits of his petition, McCardle has argued only that the handwritten record of his conviction is illegible. McCardle cites no authority to support his position regarding the illegibility of the handwritten record, and the City correctly notes that the circuit court also ordered the deletion of all computer-generated records of the conviction, which records would not suffer from the same illegibility as handwritten records.