71 So.3d 659 (2011)
Terry Van SLATON
v.
STATE of Alabama.
2091154.
Court of Civil Appeals of Alabama.
April 8, 2011.
Carl E. Chamblee, Jr., of Chamblee & Malone, LLC, Birmingham, for appellant.
Troy King, atty. gen., and G. Ward Beeson III, asst. atty. gen., for appellee.
Brandon K. Falls, dist. atty., and Teresa L. McClendon, dep. dist. atty., Birmingham for amicus curiae Jefferson County District Attorney, in support of the appellee.
PER CURIAM.
Terry Van Slaton appeals from an order denying his amended motion to expunge his arrest record and to order the Alabama Criminal Justice Information Center ("the ACJIC") and the National Crime Information Center ("the NCIC") to expunge Slaton's record. We affirm.
As a result of an investigation by the Alabama Department of Human Resources, a grand jury in Jefferson County indicted Slaton on a charge of first-degree sodomy in 1985. Slaton was subsequently arrested on December 10, 1985. On March 4, 1986, a jury found Slaton not guilty of first-degree sodomy.
On February 6, 2009, Slaton moved the Jefferson Circuit Court to expunge his arrest record. On February 17, 2009, the State objected to Slaton's motion on the ground that Alabama law did not authorize a circuit court to expunge a criminal record. On June 3, 2010, Slaton amended his motion to expunge his arrest record. The Jefferson Circuit Court denied Slaton's amended motion on July 20, 2010.
On July 27, 2010, Slaton appealed to the Alabama Court of Criminal Appeals. On September 13, 2010, that court, citing Ex parte Teasley, 967 So.2d 732 (Ala.Crim. App.2007), for the proposition that this court has jurisdiction over appeals from orders denying the expungement of criminal records, transferred Slaton's appeal to this court.
The facts material to this appeal are not in dispute, and we are presented with a pure question of law. Therefore, our review *660 is de novo. See Boutwell v. State, 988 So.2d 1015, 1020 (Ala.2007).
Slaton concedes that § 41-9-646, Ala. Code 1975,[1] does not authorize the expungement of his arrest record. See State v. Blane, 985 So.2d 384, 387-88 (Ala.2007) (holding that § 41-9-646 authorizes a circuit court to make criminal records accurate if they are inaccurate but does not authorize a circuit court to expunge them); see also Jackson v. State, 993 So.2d 491, 492 (Ala.Civ.App.2008). However, Slaton argues that, because his arrest resulted from an investigation by the Alabama Department of Human Resources and he was found not guilty of the charge for which he was arrested, § 26-14-3(e), Ala.Code 1975, authorizes the circuit court to order the expungement of the record of his arrest.
Section 26-14-3(a), Ala.Code 1975, provides:
"All hospitals, clinics, sanitariums, doctors, physicians, surgeons, medical examiners, coroners, dentists, osteopaths, optometrists, chiropractors, podiatrists, nurses, school teachers and officials, peace officers, law enforcement officials, pharmacists, social workers, day care workers or employees, mental health professionals, members of the clergy as defined in Rule 505 of the Alabama Rules of Evidence, or any other person called upon to render aid or medical assistance to any child, when the child is known or suspected to be a victim of child abuse or neglect, shall be required to report, or cause a report to be made of the same, orally, either by telephone or direct communication immediately, followed by a written report, to a duly constituted authority."
(Emphasis added.) Section 26-14-1(4) defines a "duly constituted authority" as:
"The chief of police of a municipality or municipality and county; or the sheriff, if the observation of child abuse or neglect is made in an unincorporated territory; or the Department of Human Resources; or any person, organization, corporation, group, or agency authorized and designated by the Department of Human Resources to receive reports of child abuse and neglect; provided, that a `duly constituted authority' shall not include an agency involved in the acts or omissions of the reported child abuse or neglect."
Section 26-14-3(e) provides:
"Any provision of this section to the contrary notwithstanding, if any agency or authority investigates any report pursuant to this section and the report does not result in a conviction, the agency or authority shall expunge any record of the information or report and any data developed from the record."
(Emphasis added.)
Subsections of a statute are in pari materia and "should be construed together to ascertain the meaning and intent of each." McCausland v. Tide-Mayflower Moving & Storage, 499 So.2d 1378, 1382 (Ala.1986).
"The fundamental rule of statutory construction is to ascertain and give effect *661 to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992).
Construing the subsections of § 26-14-3 together, see McCausland, we conclude that that statute is not ambiguous and, therefore, that the language of that statute must be interpreted to mean exactly what it says. See IMED. The language of § 26-14-3(e) requires that an agency or authority that investigates a report of child abuse or neglect must expunge "any record of the information or report and any data developed" as a result of the report if the report does not result in a conviction. In the case now before us, Slaton's arrest record is not a record of the Alabama Department of Human Resources, which is the agency or authority that investigated the allegation that he had committed first-degree sodomy. Therefore, § 26-14-3(e) did not authorize the circuit court to expunge Slaton's arrest record, and, accordingly, we affirm the circuit court's denial of Slaton's amended motion to expunge his arrest record.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMAS, J., concurs in the result, without writing.
MOORE, J., concurs in the result, with writing.
MOORE, Judge, concurring in the result.
Based on the record in this case, I find no reason to address the question whether § 26-14-3(e), Ala.Code 1975, authorizes a circuit court to expunge the arrest record of Terry Van Slaton.
Section 26-14-3 provides, in pertinent part:
"(a) All hospitals, clinics, sanitariums, doctors, physicians, surgeons, medical examiners, coroners, dentists, osteopaths, optometrists, chiropractors, podiatrists, nurses, school teachers and officials, peace officers, law enforcement officials, pharmacists, social workers, day care workers or employees, mental health professionals, members of the clergy as defined in Rule 505 of the Alabama Rules of Evidence, or any other person called upon to render aid or medical assistance to any child, when the child is known or suspected to be a victim of child abuse or neglect, shall be required to report, or cause a report to be made of the same, orally, either by telephone or direct communication immediately, followed by a written report, to a duly constituted authority.
". . . .
"(e) Any provision of this section to the contrary notwithstanding, if any agency or authority investigates any report pursuant to this section and the report does not result in a conviction, the agency or authority shall expunge any record of the information or report and any data developed from the record."
By its plain wording, § 26-14-3(e) applies only to records based on a "report pursuant to [§ 26-14-3(a) that] . . . does not result in a conviction." At the trial-court level, the parties stipulated that the Alabama Department of Human Resources ("DHR") had investigated Slaton and that DHR's investigation led to his arrest. The *662 record also discloses that, in 1985, a grand jury indicted Slaton on a charge of first-degree sodomy for having "engage[d] in deviate sexual intercourse" with a minor under the age of 12 years; Slaton was acquitted following a trial by jury in 1986. The record does not, however, contain any evidence indicating that Slaton's arrest resulted from a report made pursuant to § 26-14-3(a).[2] Without evidence indicating that DHR initiated its investigation based on a report of known or suspected child abuse or neglect made by one of the "mandatory reporters" listed in § 26-14-3(a), the expungement provisions of § 26-14-3(e) cannot possibly apply.[3]
Because I would affirm the trial court's judgment based on the lack of any evidence indicating that the arrest record Slaton was seeking to have expunged was produced as a result of a report made pursuant to § 26-14-3(a), I concur in the result reached by the majority. I do not, however, express any opinion as to the correctness of the reasoning employed by the majority to reach that result.
NOTES
[1] Section 41-9-646 provides:

"Should the [criminal] record in question be found to be inaccurate, incomplete or misleading, the court shall order it to be appropriately purged, modified or supplemented by an explanatory notation. Each agency or individual in the state with custody, possession or control of any such record shall promptly cause each and every copy thereof in his custody, possession or control to be altered in accordance with a court order. Notification of each such deletion, amendment and supplementary notation shall be promptly disseminated to any individuals or agencies to which the records in question have been communicated, including the ACJIC, as well as to the individual whose records have been ordered so altered."
[2] I note that § 26-14-3 was worded differently in 1985 at the time of Slaton's arrest, but that difference is not material to the outcome of this case.
[3] I recognize that the trial court could have taken judicial notice of the entirety of the prior criminal proceedings, see Garrett v. Gilley, 488 So.2d 1360 (Ala. 1986), but nothing in the record indicates that the trial court did so or that such notice would have supplied the missing evidence as to the identity of the reporter.