DONALDSON, Judge,
concurring in the result.
Trial courts and circuit clerks regularly receive through the mail numerous letters, petitions, and other documents from incarcerated defendants in criminal proceedings that require interpretation for further processing. Usually, those documents are related to a criminal case and can be categorized as attempts to file postconviction pleadings under Rule 32, Ala. R.Crim. P., or some type of a motion in a pending or concluded criminal case. On April 11, 2014, Melvin McMillian submitted to the Mobile circuit clerk by mail a document he styled as a “Petition for Writ of Habeas Corpus to Purge, Modify or Supplement Inaccurate or Incomplete Information.” The circuit clerk docketed McMillian’s petition under a criminal case number that had been adjudicated in 2007 in which McMillian had been the defendant. Presumably, the petition was then forwarded to the trial court to be addressed without further processing. The trial court entered an order “denying” the petition on April 16, 2014. McMillian filed a notice of appeal to the Court of Criminal Appeals. The Court of Criminal Appeals construed McMillian’s appeal as a challenge to the denial of a petition for correction of institutional records brought pursuant to § 41-9-645, Ala.Code 1975, and transferred the appeal to this court, citing its decision in Ex parte Teasley, 967 So.2d 732 (Ala.Crim.App.2007). See .also Baker v. State, 877 So.2d 639 (Ala.Crim.App.2003) (noting that an appeal from an order denying relief under § 41-9-645 had been transferred by the supreme court to this court as being civil in nature). Our request to transfer the appeal to the supreme court for its consideration of the threshold issue of jurisdiction was denied by that court on the ground that McMillian’s petition sought relief under § 41-9-645 and such “issues ... are within the jurisdiction of the Court of Civil Appeals.”
Thus, we are required to treat McMilli-an’s April 11, 2014, submission as an attempt to file a civil complaint. To invoke the jurisdiction of a trial court, a plaintiff must first pay a docket fee or obtain in advance an order from the trial court waiving the prepayment of the docket fee. § 12-19-70, Ala.Code 1975; see Ex parte Carter, 807 So.2d 534, 537 (Ala.2001)(quoting Carpenter v. State, 782 So.2d 848, 850 (Ala.Civ.App.2000)) (“‘A trial court does not obtain jurisdiction of an action until either a filing fee is paid or the fee.is properly waived according to § 12-19-70.’ ”). More may be required by the clerk for further processing, such as the submission of an appropriate summons or other means by which service may be obtained on an identifiable defendant. But before action can be taken, the jurisdiction of the trial court must be invoked. See Johnson v. Hetzel, 100 So.3d 1056, 1057 (Ala.2012) (holding that the trial court lacked subject-matter jurisdiction where there was no payment of the filing fee or the filing of a court-approved verified statement of substantial hardship). McMillian submitted *190 an Affidavit of Substantial Hardship” requesting that the prepayment of the docket fee be waived when he submitted the April 11, 2014, petition to the circuit clerk; however, that request had not been granted at the time the trial pourt “denied” the petition. Because the subject-matter jurisdiction of the trial court had not been invoked, there was nothing for the trial court to “deny” and there is no pending case from which McMillian may appeal. Therefore, I concur in the dismissal of the appeal.