877 So.2d 639 (2003)
Jeffery BAKER, Jr.
v.
STATE of Alabama.
CR-02-1775.
Court of Criminal Appeals of Alabama.
October 10, 2003.
Jeffery Baker, Jr., pro se.
William H. Pryor, Jr., atty. gen., and Yvonne A.H. Saxon, asst. atty. gen., for appellee.
PER CURIAM.
The appellant, Jeffery Baker, Jr., filed a petition in the circuit court of Pike County entitled "Petition for Expungement." In the petition Baker stated that the Alabama Criminal Justice Information Center ("ACJIC") has been disseminating false information about his prior convictions, specifically, that those convictions were felonies when in fact they were misdemeanors, and he was petitioning to have ACJIC's records concerning him corrected. After every judge in Pike County recused himself or herself, a special judge was appointed to consider the case. That judge denied the petition for expungement. Baker then appealed the denial of his petition to the Court of Civil Appeals. In December 2002, the Court of Civil Appeals transferred the case to the Alabama Supreme Court. In March 2003, the Supreme Court, pursuant to § 12-2-7, Ala. *640 Code 1975, transferred the case back to the Court of Civil Appeals. In June 2003, the Court of Civil Appeals transferred the case to this Court.[1]
This Court does not have jurisdiction of this case. Baker's action initiated in the circuit court to correct ACJIC's records was brought pursuant to § 41-9-645, Ala.Code 1975. Baker's pleadings in the lower court track the language of § 41-9-645, Ala.Code 1975, and reference this Code section. This section establishes a procedure pursuant to which a convicted defendant may challenge inaccurate information in ACJIC's records. Section 41-9-645 states:
"If an individual believes such information to be inaccurate or incomplete, he may request the original agency having custody or control of the detail records to purge, modify or supplement them and to so notify the ACJIC of such changes.
"Should the agency decline to so act or should the individual believe the agency's decision to be otherwise unsatisfactory, the individual or his attorney may within 30 days of such decision enter an appeal to the circuit court of the county of his residence or to the circuit court in the county where such agency exists, with notice to the agency, pursuant to acquiring an order by such court that the subject information be expunged, modified or supplemented by the agency of record. The court in each such case shall conduct a de novo hearing and may order such relief as it finds to be required by law. Such appeals shall be entered in the same manner as appeals are entered from the court of probate; except, that the appellant shall not be required to post bond nor pay the costs in advance. If the aggrieved person desires, the appeal may be heard by the judge at the first term or in chambers. A notice sent by registered or certified mail shall be sufficient service on the agency of disputed record that such appeal has been entered."
(Emphasis added.)
The Legislature chose to provide that appeals from actions taken pursuant to § 41-9-645 are conducted in "the same manner as appeals are entered from the court of probate" This reference in § 41-9-645 suggests that the underlying action is civil in nature. Section 12-13-41, Ala.Code 1975, enumerates the duties of a probate judge. None of the duties referenced in § 12-13-41 deal with matters that are within the jurisdictional parameters of this Court. For example: a probate judge has jurisdiction to issue letters testamentary, to keep books of liens, and to keep books of notice of adverse possession of lands.
If this action is appealable, then subject matter jurisdiction rests with the Alabama Supreme Court. An appeal from a ruling in circuit court on a probate matter falls within the jurisdiction of the Alabama Supreme Court. Section 12-22-22, Ala.Code 1975, states:
"An appeal to the Supreme Court may be taken from the judgment of the circuit court on an appeal brought to such court under the provisions of this division."
*641 This section specially addresses appeals from actions originally brought in the probate Court.
Moreover, the Alabama Supreme Court, recognizing its jurisdiction over this case, chose to transfer the case to the Court of Civil Appeals. In transferring the case the Supreme Court cited § 12-2-7, Ala.Code 1975. Section 12-2-7(6) states in part that the Alabama Supreme Court has jurisdiction "To transfer to the Court of Civil Appeals, for determination by that court, any civil case appealed to the Supreme Court and within the appellate jurisdiction of the Supreme Court...." This supports our interpretation that this action is a civil action, the appeal of which does not fall within the statutory jurisdiction of this Court. See § 12-3-9, Ala.Code 1975.
The Alabama Supreme Court has previously transferred this case to the Court of Civil Appeals. This Court is bound by the decisions of the Alabama Supreme Court. See § 12-3-16, Ala.Code 1975. Accordingly, this case is hereby transferred to the Court of Civil Appeals.
CASE TRANSFERRED.
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., concurs in the result, with opinion, joined by BASCHAB, J.
SHAW, Judge, concurring in the result.
I concur in transferring this case to the Court of Civil Appeals, although not for all the reasons stated by the majority. The Alabama Criminal Justice Information Center ("ACJIC") is an administrative agency subject to the provisions of the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala.Code 1975. See Jefferson County v. Alabama Criminal Justice Information Ctr. Comm'n, 620 So.2d 651 (Ala.1993). It appears to me that the expungement proceeding here, although tangentially touching on criminal matters, is in the nature of a civil proceeding authorized by § 41-9-590 et seq., Ala.Code 1975. Pursuant to § 41-9-594, the ACJIC Commission has established an internal administrative appeal procedure as a prerequisite for seeking appellate review in the circuit court. See Ala. Admin. Code (Ala. Criminal Justice Info. Ctr. Comm'n), Reg. 265-x-2-.03.
Section 41-9-645, which, I note, was enacted before the Commission's creation of the internal administrative appeal procedure, states that an appeal from an agency's adverse ruling on a petition for expungement can be taken to the circuit court and that "such appeals shall be entered in the same manner as appeals are entered from the court of probate." Although it is not entirely clear to me what the Legislature meant by the above-quoted language, I can find no provision in § 41-9-645, or in any other related section, that provides for an appeal of the circuit court's judgment. Therefore, based on the plain language of § 41-9-645, I respectfully disagree with the majority's conclusion that § 41-9-645 incorporates the provision in § 12-22-22, Ala.Code 1975, dealing with the appeal of probate rulings to the Supreme Court. Nonetheless, I believe that authorization for appeal can be found in § 41-22-21, Ala.Code 1975. Section 41-22-21 provides for an appeal to the appropriate appellate court of a decision of the circuit court concerning the propriety of an administrative agency's ruling. Section 12-3-10, Ala.Code 1975, generally vests exclusive jurisdiction in the Court of Civil Appeals of all appeals challenging the decisions of administrative agencies. Furthermore, it is generally understood that the exclusive jurisdiction of the Court of Civil Appeals has not been limited to a direct appeal from a ruling of an administrative agency, but also encompasses appeals from *642 the judgments of lower courts that have reviewed the action of the administrative agency. See Kimberly-Clark Corp. v. Eagerton, 433 So.2d 452 (Ala.1983); SC Realty, Inc. v. Jefferson County, Alabama, Tax Assessor, 638 So.2d 1343 (Ala.Civ.App.1993).
It is also significant to me, as it is to the majority, that the Supreme Court transferred this case to the Court of Civil Appeals.
For these reasons, I concur in the result reached by the majority.
NOTES
[1] Although in its transfer order the Court of Civil Appeals did not state a reason for transferring the case to this Court after the Supreme Court had transferred it to that court, the attorney general argued in its brief to the Court of Civil Appeals that the Court of Criminal Appeals had jurisdiction over the petition because the proceedings arose out of a criminal case.