MOORE, Judge.
Melvin McMillian appeals from a judgment entered by the Mobile Circuit Court (“the trial court”) denying his request to purge, modify, or supplement his criminal records pursuant to Ala.Code 1975, § 41-9-645. We dismiss the appeal.

Background

On May 9, 2007, the trial court entered a judgment on a jury’s verdict finding McMillian guilty of murdering Arnold Greene. On December 19, 2008, the Alabama Court of Criminal Appeals affirmed, without an opinion, the trial court’s judgment. See McMillian v. State, 33 So.3d 649 (Ala.Crim.App.2008) (table).
On February 12, 2014, McMillian filed a petition, “Pursuant to Rule 60(b)(4), Ala. R. Civ. P., Attesting [sic] the Sentence Order of Melvin McMillian.” In that petition, McMillian asserted that his sentence was void because, at the trial, certain evidence had been presented contradicting the State of Alabama’s claim that McMilli-an had killed Greene by strangulation. McMillian also asserted that, because his sentence had been based on erroneous facts, his sentence was illegal, thereby depriving the trial court of subject-matter jurisdiction. The trial court denied that motion on February 13, 2014.
On April 11, 2014, McMillian filed in the trial court a petition seeking to “purge, modify, or supplement inaccurate or incomplete information.” In that petition, McMillian asserted that the Alabama Department of Corrections (“DOC”) was improperly relying on a 2005 charge of reckless endangerment, which had been filed against McMillian but was subsequently voluntarily dismissed, to deny him the opportunity to participate in the inmate work-release program. As relief, McMilli-an requested that the trial court purge, modify, or supplement his criminal records as provided in Ala.Code 1975, § 41-9-645. On April 16, 2014, the trial court denied McMillian’s petition without stating its reasons for doing so. On April 25, 2014, McMillian filed a motion asking the trial court to reconsider its April 16, 2014, judgment, which the trial court denied. McMillian filed his notice of appeal on May 12, 2014.

Analysis

Appellate Jurisdiction

We first note that McMillian did not appeal from the February 13, 2014, order denying his petition to have his conviction set aside due to an alleged lack of subject-matter jurisdiction.[1] He has appealed'only from the April 16, 2014, judgment denying his petition seeking relief under § 41-9-645. An appeal from a judgment denying a request for relief under § 41-9-645 falls within the jurisdiction of this court. Ex parte Teasley, 967 So.2d 732 (Ala.Crim.App.2007). McMillian erroneously appealed to the Alabama Court of Criminal Appeals on May 12, 2014. That court properly transferred the appeal to this court on July 23, 2014.

Trial-Court Jurisdiction

Section 41-9-645 provides:
*188 “If an individual believes such information [in his or her criminal records] to be inaccurate or incomplete, he [or she] may request the original agency having custody or control of the detail records to purge, modify or supplement them and' to so notify the [Alabama Criminal Justice Information Center] of such changes.
“Should the agency decline to so act or should the individual believe the agency’s decision to be otherwise unsatisfactory, the individual or his [or her] attorney may within 30 days of such decision enter an appeal to the circuit court of the county of his [or her] residence or to the circuit court in the county where such agency exists, with notice to the agency, pursuant to acquiring an order by such court that the subject information be expunged, modified or supplemented by the agency of record. The court in each such case shall conduct a de novo-hearing and may order such relief as it finds to be required by law. Such appeals shall be entered in the same manner as appeals are entered from the court of probate; except, that the appellant shall not be required to post bond nor pay the costs in advance. If the aggrieved person desires, the appeal may be heard by the judge at the first term or in chambers. A notice sent by registered or certified mail shall be sufficient service on the agency of disputed record that such appeal has been entered.
“The party found to be in error shall assume all costs involved.”
By its plain terms, § 41-9-645 provides a party who believes that his or her criminal records contain inaccurate information a right of appeal to the appropriate circuit court following an adverse decision by the state agency controlling the records. Section 41-9-645 contemplates an administrative-appeal process, which is civil in nature. See Baker v. State, 877 So.2d 639 (Ala.Crim.App.2003).
In his petition, which, we note, was filed in McMillian’s criminal case, McMilli-an requests that the trial court correct the-records of DOC in regard to the dismissal of his 2005 indictment for reckless endangerment. McMillian does not allege that he filed a request with the state agency having, custody and control of his criminal-records to correct those records,- that the appropriate state agency denied or otherwise failed to satisfactorily act upon his request, and that he notified that state agency that he was appealing its decision. In the absence of those preliminary actions, McMillian did not comply with the terms of § 41-9-645 so as to properly invoke the appellate jurisdiction of the trial court.[2]
“ ‘Where “the [circuit] court ha[s] no subject-matter jurisdiction, [it has] no alternative but to dismiss the action.” ’ ” Ex parte Stewart, 985 So.2d 404, 409 (Ala.2007) (quoting Gulf Beach Hotel, Inc. v. State ex rel. Whetstone, 935 So.2d 1177, 1182 (Ala.2006), quoting in turn State v. Property at 2018 Rainbow Drive, 740 *189 So.2d 1025, 1029 (Ala.1999)). “A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.” Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). Accordingly, we dismiss the appeal, albeit with instructions to the trial court to vacate its April 16, 2014, judgment.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
DONALDSON, J., concurs in the result, with writing.

. Although McMillian did not appeal from the February 13, 2014, order, he does argue in his brief that the trial court committed error in denying his petition to set aside his conviction. We do not consider those arguments.

. We further note that the Alabama Criminal Justice Information Center Commission has promulgated a rule regulating, the procedure to be followed when making a request pursuant to § 41-9-645, which establishes the steps to be taken to obtain an agency decision. See Ala. Admin. Code (Alabama Crim. Justice Info. Ctr. Comm’n), Rule 265-X-2-.03. Nothing in the record indicates that McMillian followed that procedure or that he complied with the provisions of the Alabama Administrative Procedure Act, Ala.Code 1975, § 41-22-1 et seq., regarding administrative appeals. See Ala.Code 1975^ § 41-22-20. Because it is unnecessary to our holding, we do not set out in any further detail the proper procedure McMillian should have employed.