DONALDSON, Judge.
Michael Darren Stowe appeals from an order of the Montgomery Circuit Court ("the trial court") dismissing his action for lack of subject-matter jurisdiction. We affirm the judgment, albeit for reasons different than those expressed in the trial court's order.
Facts and Procedural History
Stowe filed a petition pursuant to § 41-9-645, Ala. Code 1975, seeking to purge information contained within a postsentence investigation report included within his records and relied upon by the Alabama Board of Pardons and Paroles ("the Board") and the Alabama Department of Corrections ("ADOC") for classification purposes.
According to the documents contained in the record, Stowe pleaded guilty to manslaughter and first-degree assault in the Coosa Circuit Court and was sentenced to serve 20 years in the custody of ADOC. Stowe waived a presentence investigation report, and the Board instead completed a postsentence investigation report ("the PSI report").[1] See § 13A-5-5, Ala. Code 1975 (requiring a "presentence or postsentence investigation report [to be] completed and filed on every defendant convicted of a felony offense").
In his petition to the trial court, Stowe claimed three instances of erroneous information that he asserts are contained within the PSI report. Stowe argued that the incorrect information has prevented Stowe from receiving a lower classification status with ADOC. Stowe did not provide a copy of the PSI report to the trial court or to this court on appeal.[2]
The Board filed a motion to dismiss Stowe's petition in the trial court in which it asserted, among other things, that the trial court lacked subject-matter jurisdiction, that Stowe had waived the right to challenge the PSI report, that § 41-9-645 is inapplicable to presentence and postsentence reports, and that Stowe is barred by the doctrine of laches from challenging information contained in the PSI report *612 that was completed six years earlier. The Board filed a proposed order along with its motion. Stowe filed a response in opposition to the Board's motion to dismiss, and on January 23, 2017, after a hearing, the trial court entered the following order dismissing Stowe's petition based on a lack of subject-matter jurisdiction:
"Petitioner comes before the Court seeking to have records expunged from a report prepared by the Parole Board's officer. Petitioner refers to these records as 'criminal records' that he seeks to have expunged, citing Ala. Code 41-9-645 [and]-646.
"The Parole Board responds arguing that the records Petitioner seeks to have expunged are actually 'details of the offense' that are included in a Report of Investigation (Postsentence Report) and do not fall under the definition of 'criminal records'. The Board further argues that to challenge the 'details of an offense' the proper court to bring that challenge would be the county of conviction, in this case Coosa County Circuit Court.
"The Parole Board's arguments are well taken in that 'details of an offense' are not considered criminal record for the purpose of the statutes that Petitioner cites. There holding, it would appear that this Court would lack jurisdiction to review the 'details of an offense' committed in another county.
"For the foregoing reasons the Court ORDERS that this action be DISMISSED for lack of jurisdiction, with cost taxed to the Petitioner."
(Capitalization in original.)
Stowe timely filed a motion to alter, amend, or vacate the order, which the trial court denied. On February 27, 2017, Stowe timely filed a notice of appeal to this court. "An appeal from a judgment denying a request for relief under § 41-9-645 falls within the jurisdiction of this court." McMillian v. State, 175 So.3d 186, 187 (Ala. Civ. App. 2015) (citing Ex parte Teasley, 967 So.2d 732 (Ala. Crim. App. 2007) ).
Standard of Review
"In Newman v. Savas, 878 So.2d 1147, [1148-49] (Ala. 2003), [the supreme court] set forth the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
" 'A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala. 2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.' "
Hall v. Environmental Litig. Grp., P.C., 157 So.3d 876, 879 (Ala. 2014). See also Ex parte Safeway Ins. Co. of Alabama, Inc., 990 So.2d 344, 350 (Ala. 2008) ("[W]hen reviewing a trial court's ruling on motion to dismiss based on a facial challenge to the trial court's subject-matter jurisdiction, [an appellate court] must not afford the trial court's ruling a presumption of correctness and must accept the allegations in the complaint as true.").
Discussion
The statutes pertaining to the Alabama Criminal Justice Information Center ("the ACJIC") and the Alabama Criminal Justice Information Center Commission ("the ACJICC") are codified at § 41-9-590 et seq., Ala. Code 1975, and contained within Article 23, which is entitled "Criminal Justice Information Center Commission." Section 41-9-645, entitled "Purging, modification *613 or supplementation of criminal records-Applications to agencies by individuals; appeals to circuit courts upon refusal of agencies to act, etc.; costs," provides:
"[I]f an individual believes such information to be inaccurate or incomplete, he may request the original agency having custody or control of the detail records to purge, modify or supplement them and to so notify the ACJIC of such changes.
"Should the agency decline to so act or should the individual believe the agency's decision to be otherwise unsatisfactory, the individual or his attorney may within 30 days of such decision enter an appeal to the circuit court of the county of his residence or to the circuit court in the county where such agency exists, with notice to the agency, pursuant to acquiring an order by such court that the subject information be expunged, modified or supplemented by the agency of record. The court in each such case shall conduct a de novo hearing and may order such relief as it finds to be required by law. Such appeals shall be entered in the same manner as appeals are entered from the court of probate; except, that the appellant shall not be required to post bond nor pay the costs in advance. If the aggrieved person desires, the appeal may be heard by the judge at the first term or in chambers. A notice sent by registered or certified mail shall be sufficient service on the agency of disputed record that such appeal has been entered."[3]
Pursuant to § 41-9-594(a), Ala. Code 1975, which falls under the same article, the ACJICC is empowered to promulgate "rules, regulations, and policies for the performance of the responsibilities charged to it in this article." Alabama Admin. Code (ACJICC), Rule 265-X-2-.03., governs the procedural process for reviewing and challenging criminal history information pursuant to § 41-9-645. See McMillian v. State, 175 So.3d 186, 188 (Ala. Civ. App. 2015) (holding that a petitioner's failure to comply with the terms of § 41-9-645 prevented the invocation of the trial court's appellate jurisdiction).
On appeal, Stowe argues, among other things, that his challenge of the allegedly incorrect information contained in the PSI report is governed by § 41-9-645, which provides for an appeal to the circuit court in the county where the agency responsible for the records is located, and that, because the Board is located within Montgomery County, jurisdiction is proper in the Montgomery Circuit Court. The Board argues that Stowe is challenging the "details of the offense" portion of the PSI report and that jurisdiction is therefore proper in the Coosa Circuit Court. Assuming, without deciding that, Stowe's assertion is correct-i.e., that Stowe's challenge to the information in the PSI report is governed by § 41-9-645, this court must still determine whether the trial court had subject-matter jurisdiction because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987).
*614 "Under the Alabama Administrative Procedure Act (AAPA) §§ 41-22-1 through -27, Ala. Code 1975, the exhaustion of administrative remedies is a jurisdictional prerequisite to filing an action." Ex parte Crestwood Hosp. & Nursing Home, Inc., 670 So.2d 45, 46 (Ala. 1995).[4]
"Alabama provides statutory procedures in the [Alabama Administrative Procedure Act] for reviewing the actions of administrative agencies. It is a mainstay of administrative procedure that a party must exhaust all applicable administrative remedies before seeking relief in the courts. § 41-22-20(a), Ala. Code 1975. The purpose of these administrative procedures is '[t]o simplify the process of judicial review of agency action as well as increase its ease and availability. In accomplishing its objectives, the intention of this chapter is to strike a fair balance between these purposes and the need for efficient, economical and effective government administration.' § 41-22-2(b)(7), Ala. Code 1975. To allow a plaintiff to raise issues in court that have been addressed by an administrative agency, without having exhausted that administrative process, would frustrate the orderly administration of justice. See Ex parte Gadsden Country Club, 14 So.3d 830, 832 (Ala. 2009)."
Ex parte Worley, 46 So.3d 916, 921 (Ala. 2009).
In McMillian, supra, this court held that the trial court in that case lacked subject-matter jurisdiction to consider McMillian's petition filed pursuant to § 41-9-645, noting that the record was devoid of any indication that McMillian had followed the procedure set out by Rule 265-X-2-.03 of the Alabama Administrative Code or that he had complied with the requirements of the Alabama Administrative Procedure Act ("the AAPA"), § 41-22-1 et seq., Ala. Code 1975, regarding administrative appeals. 175 So.3d at 188 n. 2. See also W.A.A. v. Board of Dental Exam'rs of Alabama, 156 So.3d 973, 977 (Ala. Civ. App. 2014) (dismissing a corporation's appeal based on the corporation's failure to properly invoke the jurisdiction of the circuit court by complying with the AAPA).
The ACJICC, pursuant to its authority granted in § 41-9-594, " 'has established an internal administrative appeal procedure as a prerequisite for seeking appellate review in the circuit court.' " Teasley, 967 So.2d at 734 (quoting Baker v. State, 877 So.2d 639, 641 (Ala. Crim. App. 2003) (Shaw, J., concurring in the result), citing in turn Rule 265-X-2-.03 ). Rule 265-X-2-.03, which details the necessary procedure for "challenging criminal history record information," provides that, after an individual submits a request to the ACJIC to review his or her criminal-history-record information, that individual may, within one year, submit an application to challenge inaccurate or incomplete criminal-history-record information.[5] Along with the application, the individual "must include, at a minimum":
"1. The charge and DATE of each specific arrest or disposition being challenged;
"2. The Name of the ARRESTING AGENCY OR COURT for each arrest or disposition being challenged;
"3. A listing of each specific arrest or disposition being challenged;
*615 "4. The details related to why each specific arrest is incorrect or incomplete;
"5. What the applicant believes to be the correct information for each arrest or disposition being challenged;
"6. Where the applicant obtained what he/she believes to be the correct supporting information (if applicable); and
"7. Official documentation from the arresting agency or court (if applicable) to support each arrest or disposition being challenged."
Rule 265-X-2-.03(3)(c). Upon receipt of the application, all documentation concerning the challenged criminal-history-record information will be forwarded to the agency originally having custody or control (the "reviewing agency") of the specific record(s) being challenged. Rule 265-X-2-.03(3)(e). Should the agency originally having custody or control of the record(s) determine the challenged criminal history information to be inaccurate or incomplete, it shall purge, modify, or supplement the criminal-history-record information as appropriate and notify the ACJIC. Id. The ACJIC shall then inform the individual filing the application of the action taken by the reviewing agency. Id. Upon receipt of the reviewing agency's decision, if the individual believes the reviewing agency's decision to be unsatisfactory, he or she may then appeal to the ACJICC by sending an "Administrative Appeal request," in writing, to the ACJIC director. Rule 264-X-2-.03(f). Thereafter, if the individual wishes to challenge the ACJICC's decision, he or she may appeal to the appropriate circuit court as specified in §§ 41-9-643 through -646, Ala. Code 1975. Rule 265-X-2-.03(g).
Stowe has not alleged in his petition in the trial court, or on appeal, that he has pursued or exhausted the administrative remedies provided in Rule 265-X-2-.03. Stowe has not alleged that he has completed an "application to review or challenge" his criminal-history-record information with the ACJIC or that he has provided the ACJIC with the minimum information required under the rule. Further, Stowe has not alleged that he has received a decision of the reviewing agency, nor has he alleged that he has filed an "Administrative Appeal request" with the ACJIC director and received an unsatisfactory result from a hearing before the ACJICC. Moreover, Stowe has not alleged that he has complied with § 41-22-20, Ala. Code 1975 (the section of the AAPA concerning judicial review of decisions by administrative agencies).
Therefore, based on McMillian, Rule 265-X-2-.03, and the AAPA, because Stowe has failed to comply with the procedures set forth in Rule 265-X-2-.03 and has failed to exhaust his administrative remedies, Stowe did not properly invoke the jurisdiction of the trial court. Therefore, "the trial court had no subject-matter jurisdiction, and, consequently, no alternative but to dismiss the action." State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala. 1999).
Stowe also raises on appeal the issue whether the information contained in the PSI report is correct. Because of our holding, however, we do not reach the merits of that issue. See, e.g., Carey v. Howard, 950 So.2d 1131, 1135 (Ala. 2006) (declining to address the merits of a claim after determining the parties lacked standing and, thus, that the trial court lacked subject-matter jurisdiction).
Stowe also argues on appeal that his due-process rights were violated because, he asserts, the trial court did not allow him the opportunity to prosecute his case. Stowe points to the trial court's denial of his motion for a transport order, its denial of his motion to continue, and its refusal to allow Stowe to have his written deposition *616 taken. Stowe cites McConico v. Culliver, 872 So.2d 872, 875 (Ala. Civ. App. 2003), in which this court held that "the trial court abused its discretion in denying McConico's motion seeking to testify by deposition and then by dismissing the case for lack of prosecution." In this case, Stowe's petition was dismissed based on a lack of subject-matter jurisdiction, not based on Stowe's failure to prosecute the case. Stowe has not provided this court with any authority demonstrating that a trial court's failure to grant a motion to allow the taking of a deposition, when the trial court lacks subject-matter jurisdiction, violates a person's due-process rights. And, as explained above, the only action the trial court could have properly taken was to dismiss the action. Property at 2018 Rainbow Drive, 740 So.2d at 1029.
Stowe next argues that the trial court and the Board engaged in wrongful ex parte communications and that the trial court erroneously adopted verbatim the Board's proposed order. Our supreme court has held that "a trial court's adoption of [an] order prepared by one of the parties is appropriate, so long as opposing counsel are furnished with a copy of the proposed order prior to its entry." General Motors Acceptance Corp. v. City of Red Bay, 825 So.2d 746, 749 (Ala. 2002) (citing Ex parte Masonite Corp., 681 So.2d 1068 (Ala. 1996) ).
Stowe asserts that he was not aware of the proposed order submitted to the trial court by the Board until he received a copy that was contained in the record on appeal. Stowe has waived this argument, however, because he did not first raise this argument in the trial court. "[An appellate court] cannot consider arguments raised for the first time on appeal; rather, [its] review is restricted to the evidence and arguments considered by the trial court." Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992). We note that, even if this argument had been properly preserved for appellate review, and even if Stowe could demonstrate that the Board did not provide him with a copy of the proposed order before its entry (an allegation that the Board denies), such a failure by the Board would not require a reversal. D.S.H. v. E.B.H., [Ms. 2140159, Nov. 20, 2015] --- So.3d ----, ---- (Ala. Civ. App. 2015) (Donaldson, J., concurring specially) (noting that "the procedural error in the preparation of an order or judgment does not, in itself, mandate the vacation or reversal of the order or judgment"). Further, "the record does not establish that the judgment entered by the trial court did not reflect the independent findings and conclusions reached by the trial judge, and the nonprevailing party [ (Stowe) ] had an opportunity to challenge the findings and conclusions set out in the judgment, albeit not until after it was entered." Id. (citing Ex parte Masonite, 681 So.2d at 1073 ).
Ultimately, when a trial court determines that it lacks subject-matter jurisdiction over an action, it has no choice but to dismiss the action. See 2018 Rainbow Drive, 740 So.2d at 1029. Accordingly, the judgment of the trial court dismissing Stowe's petition is affirmed for the reasons set forth above.
AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

"PSI" refers to both presentence and postsentence investigation reports, unless otherwise specified.

" ' "This court cannot assume error, nor can it presume the existence of facts [as] to which the record is silent." The appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal.' " White v. Riley Constr., Inc., 745 So.2d 877, 879 (Ala. Civ. App. 1999) (quoting Alfa Mut. Gen. Ins. Co. v. Oglesby, 711 So.2d 938, 942 (Ala. 1997) ).

Our supreme court has interpreted the phrase "such information" in the first sentence of § 41-9-645 to refer to criminal records. See Mobile Press Register, Inc. v. Lackey, 938 So.2d 398, 403 n. 3 (Ala. 2006) ("Section 41-9-645 does not expressly refer to 'criminal records'; rather, the first paragraph of § 41-9-645 refers to 'such information.' We assume that 'such information' means criminal records, which are dealt with in § 41-9-643, Ala. Code 1975, the section that immediately preceded § 41-9-645 when those sections were originally adopted.").

Although the Board has not raised any argument regarding Stowe's failure to comply with the Alabama Administrative Procedure Act, we are compelled to address this issue because it is a jurisdictional issue.

A copy of the application is contained within Appendix A to Rule 265-X-2-.03.